IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY RUEL, | ) | CIV. NO. 10-00683 SOM/LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING EMERGENCY MOTION |
| | ) | FOR A TEMPORARY RESTRAINING |
| vs. | ) | ORDER AND INJUNCTION |
| | ) | |
| BRAFF, HARRIS & SUKONECK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING EMERGENCY MOTION FOR A
TEMPORARY RESTRAINING ORDER AND INJUNCTION

I.      INTRODUCTION AND BACKGROUND.

On November 18, 2010, pro se plaintiff Roy Ruel filed the present action against his former employer, the mainland law firm of Braff, Harris & Sukoneck ("Braff"), alleging employment discrimination.  Ruel alleges that he is disabled and that Braff fired Ruel after Ruel failed to perform an assigned task that his disability allegedly prevented him from performing.  Compl. pp. 2-3, ECF No. 1.  Ruel alleges that Braff then sued him in New Jersey state court to collect the money Braff had paid Ruel.  Id. According to Ruel, the New Jersey court denied Ruel's request for accommodation to allow Ruel to attend the hearing, and subsequently entered summary judgment and judgment by default in Braff's favor.  Id.  According to Ruel, Braff then filed an action in Hawaii, where Ruel apparently now lives, to enforce the New Jersey judgment.  Id.

Before the court is Ruel's motion for a temporary

restraining order, filed on November 29, 2010. See Emergency Motion for a Temporary Restraining Order and Injunction, ECF No. 4. This motion does not go to the heart of Ruel's employment discrimination claim. Instead, Ruel asks the court to: (1) stay the judgment entered in New Jersey state court against Ruel; and (2) order Braff to "void" its Hawaii state court collection action and the recordation of its judgment with the Hawaii Bureau of Conveyances. See id. at 1-2. For the following reasons, the court denies the motion.

II.     LEGAL STANDARD.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See G. v. State of Haw., Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr. Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

In Winter v. Natural Resources Defense Council, __ U.S. __, 129 S. Ct. 365 (2008), the Supreme Court cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." Id. at 376, citing Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008). Instead, courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction. "Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer

irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009), citing Winter, 129 S. Ct. at 374.

In the Ninth Circuit, the Winter factors are applied in light of the circuit's sliding-scale, "serious questions" approach. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049-53 (9th Cir. 2010). Under this approach,"'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1053, quoting The Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008). To warrant injunctive relief, the threat of harm must be "actual and imminent, not conjectural or hypothetical[.]" See Summers v. Earth Island Inst., __ U.S. __, 129 S. Ct. 1142, 1149 (2009).

III.    A TEMPORARY RESTRAINING ORDER IS NOT WARRANTED.

Ruel's request for a temporary restraining order must be denied because he has failed to make the "extraordinary" showing required. First, to the extent Ruel seeks to use this lawsuit to enjoin or nullify the judgment entered against him in New Jersey, he is not likely to succeed on the merits because

Ruel makes no showing that the court has jurisdiction to order such relief. As a general principle, this court may not exercise appellate jurisdiction over state court decisions. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). This rule, commonly known as the Rooker-Feldman doctrine, requires:

> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998), quoting Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). The Rooker-Feldman doctrine divests federal district courts of jurisdiction to conduct a direct review of state court judgments even when a federal question is presented. Allah v. Super. Court of Cal., 871 F.2d 887, 890-91 (9th Cir. 1989). Accord MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts.").

If Ruel believes that the New Jersey judicial proceeding has violated his rights, his remedy is to appeal that decision through the New Jersey state courts, and then to the Supreme Court. See Feldman, 460 U.S. 482-483; Bennett, 140 F.3d at 1223 (noting that "[t]he rationale behind [the Rooker-Feldman

4

doctrine] is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court"). This court lacks subject matter jurisdiction to undertake such a review.

To the extent Ruel seeks to enjoin the Hawaii state court proceeding, the court lacks authority to do so. The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court" unless such an injunction is (1) expressly authorized by Act of Congress, (2) necessary in the exercise of the federal court's jurisdiction, or (3) necessary to protect or effectuate its judgments. 28 U.S.C. § 2283. The three exceptions to the Anti-Injunction Act are construed narrowly, and any doubts as to the propriety of a federal injunction are resolved in favor of letting the state action proceed. Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1068 (9th Cir. 1996). Here, nothing in Ruel's complaint or his motion suggests that any of the above exceptions authorizes this court to enjoin the Hawaii proceeding.

Finally, Ruel has failed to demonstrate that he faces imminent, irreparable injury at this time. See Winter, 129 S. Ct. at 374. Although Ruel represents that Braff has filed an enforcement action in Hawaii state court and has filed a notice of judgment with the Hawaii Bureau of Conveyances, he does not establish that there is any seizure of his home or other assets

that is imminent. Cf. Kokka & Backus, PC v. Bloch, 2010 WL 331336, at *3 (N.D. Cal. Jan. 20, 2010) (even if the plaintiff could establish its likelihood of success on the pending motion for preliminary injunction, it was not entitled to a temporary restraining order because it failed to show a threat of imminent harm).

IV.     CONCLUSION.

For the reasons set forth above, Ruel's Motion for Temporary Restraining Order is DENIED without prejudice. If Ruel obtains information that the seizure of his assets is truly imminent, and if he has a basis on which this court can rely to intervene in an ongoing Hawaii state court proceeding, Ruel may refile his motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 30, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ruel v. Braff, Harris & Sukoneck, Civil No. 10-00683 SOM-LEK; ORDER DENYING EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTION.