IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY RUEL, | ) | CIV. NO. 10-00683 JMS/RLP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION FOR |
| vs. | ) | SUMMARY JUDGMENT |
| | ) | |
| BRAFF HARRIS & SUKONECK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff Roy Ruel ("Plaintiff"), a Hawaii resident proceeding pro se, filed an "Employment Discrimination Complaint" against the New Jersey and New York law firm Braff Harris & Sukoneck ("Defendant"), alleging that Defendant wrongfully terminated Plaintiff and retaliated against him for failure to perform his duties as an expert witness due to his disabilities, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.

Currently before the court is Defendant's Motion for Summary Judgment, contending that (1) this court does not have personal jurisdiction over

Defendant,[1] and (2) Defendant did not have sufficient control over Plaintiff to establish the employer-employee relationship necessary to fall under Title VII. Doc. No. 36, Def.'s Mot. for Summ. J. at 4-13.  Because the court agrees that Plaintiff was not Defendant's employee, the court GRANTS Defendant's Motion for Summary Judgment.

## II.  BACKGROUND

### A.    Factual Background

On or about February 16, 2007, Defendant and Plaintiff traded emails and phone calls regarding the possibility of Plaintiff serving as an expert witness regarding a New York lawsuit involving a paintball gun injury.  Doc. No. 37-2, Def.'s Ex. A.  These discussions continued on February 27, 2007, when Defendant notified Plaintiff that it was sending Plaintiff a packet of information for his review, and on March 2, 2007, Defendant mailed a retainer check for $1,500 to Plaintiff's address in Hawaii.  Doc. No. 37-3, Def.'s Ex. B; Doc. No. 37-4, Def.'s Ex. C.  On October 18, 2007, Plaintiff completed a W-9 Form for tax purposes under his own name, but identified himself as an Limited Liability Company

---

[1] Because this court grants Defendant's Motion for Summary Judgment based on the merits of the case, it need not address personal jurisdiction.  *See, e.g.*, *Peters v. Titan Nav. Co.*, 857 F.2d 1342, 1345 (9th Cir. 1988) (affirming the grant of summary judgment without addressing personal jurisdiction); *see also Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 335 (9th Cir. 1993) (same).

("LLC") with an employer identification number ("EIN") and address used in conjunction with his company, All-Engineers, LLC.  Doc. No. 37-5, Def.'s Ex. D.

Discussions continued between Plaintiff and Defendant, specifically regarding Plaintiff's travel to Rochester, New York, for the paintball gun inspection.  Doc. No. 37-6, Def.'s Ex. E at 1.  Plaintiff stated that he would prefer to have the gun shipped to Hawaii for inspection because Plaintiff was recovering from a medical issue that hampered his ability to travel long distances.  *Id.* at 2.  On February 15, 2008, Defendant notified Plaintiff of the court-ordered testing of the paintball gun in Rochester, New York on April 2, 2008, Doc. No. 37-7, Def.'s Ex. F, and on February 17, 2008, Plaintiff sent Defendant an invoice for his travel expenses and time charges and required advance payment of $4,990.  Doc. No. 37-1, Decl. of Murray-Nolan ¶ 15; Doc. No. 37-10, Def.'s Ex. I.  Because Plaintiff sent the February 17, 2008 invoice to Defendant, Defendant asserted it was led to believe that Plaintiff was committed to attending the April 2, 2008 inspection.  Doc. No. 37-1, Decl. of Murray-Nolan ¶¶ 15-16.

On March 28, 2008, Plaintiff notified Defendant that he would have to delay his trip to New York because he was ill, and on March 29, 2008, Defendant notified Plaintiff that it could not reschedule the April 2, 2008 court-ordered inspection without a physician's certificate.  Doc. Nos. 37-8 and 9, Def.'s Exs. G

and H.  Plaintiff provided emails from his doctor, but did not provide a certificate, and subsequently, Defendant was required to obtain a replacement expert witness at a cost of approximately $20,000.  Doc. No. 37-1, Decl. of Murray-Nolan ¶¶ 12-14, 19.

In a letter dated April 1, 2008, Defendant requested that Plaintiff return all payments made to him, and after Plaintiff failed to do so, Defendant filed suit against Plaintiff in New Jersey to recover all payment and costs of retaining a replacement expert witness.  Doc. No. 37-11, Def.'s Ex. J; Doc. No. 37-1, Decl. of Murray-Nolan ¶ 20.  On January 16, 2009, the Superior Court of New Jersey granted partial summary judgment in favor of Defendant and ordered that Plaintiff pay Defendant $4,390.  Doc. No. 37-13, Def.'s Ex. L.  After Plaintiff failed to pay, Defendant sought an Order Granting Final Judgment by Default on January 8, 2010, which the court granted.  Doc. No. 37-15, Def.'s Ex. N.

## B.     Procedural Background

On November 18, 2010, Plaintiff filed his Complaint[2] in this court, Doc. No. 1, and on January 11, 2011, Defendant filed its Answer.  Doc. No. 10. On August 24, 2011, Defendant filed a Motion for Summary Judgment.  Doc. No.

---

[2]  Before filing his current Complaint, Plaintiff filed an employment discrimination charge with the Equal Employment Opportunity Commission, Doc. No. 37-16, Def.'s Ex. O, and the Hawaii Civil Rights Commission, Doc. No. 37-17, Def.'s Ex. P, which issued right-to-sue letters on September 29, and October 22, 2010.

4

36.  On October 3, 2011, Plaintiff filed an Opposition, Doc. No. 41, and on

October 7, 2011, Defendant filed a Reply.  Doc. No. 42.

Pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the

United States District Court for the District of Hawaii, the court decides this matter

without a hearing.

### III.  <u>STANDARDS OF REVIEW</u>

**A.     Motion for Summary Judgment**

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who

fails to make a showing sufficient to establish the existence of an element essential

to the party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of

Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of

informing the court of the basis for its motion and of identifying those portions of

the pleadings and discovery responses that demonstrate the absence of a genuine

issue of material fact."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th

Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's*

*Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004).  "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

        "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248).  When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor" (citations omitted)).

## B.    Pro Se Status

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)).  Pro se litigants, however, "must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## IV.  <u>DISCUSSION</u>

Defendant asserts that summary judgment is proper because Plaintiff was never an "employee" as defined in Title VII, and instead, was an "independent expert witness," akin to an independent contractor.  Doc. No. 36, Def.'s Mot. for Summ. J. at 9-11.  This court agrees.

Title VII affords protection to an "individual employed by an employer."  42 U.S.C. § 2000e(f); *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999).  When determining whether or not an individual is an employee or independent contractor for the purposes of Title VII, the court applies the common

law agency test[3] and evaluates "the hiring party's right to control the manner and means by which the product is accomplished." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992); *see also Murray v. Principal Fin. Grp., Inc.*, 613 F.3d 943, 945 (9th Cir. 2010) (applying the *Darden* common law agency test to determine whether an individual is an employee or independent contractor under Title VII). The factors relevant to this inquiry, with no factor being conclusive, include:

> [1] skill required; [2] the source of the instrumentalities and tools; [3] the location of the work; [4] the duration of the relationship between the parties; [5] whether the hiring party has the right to assign additional projects to the hired party; [6] the extent of the hired party's discretion over when and how long to work; [7] the method of payment; [8] the hired party's role in hiring and paying assistants; [9] whether the work is part of the regular business of the hiring party; [10] whether the hiring party is in business; [11] the provision of employee benefits; and [12] the tax treatment of the hired party.

*Darden*, 503 U.S. at 323-24.

Here, applying the above factors, Plaintiff is undisputedly an independent contractor, and thus is not entitled to protection under Title VII.

---

[3] Although courts apply three tests to determine whether an individual is an employee or independent contractor -- the common law agency test, the economic realities test, and the common law hybrid test -- the Ninth Circuit has held that there is no functional difference between the three. *See Murray v. Principal Fin. Grp., Inc.*, 613 F.3d 943, 945 (9th Cir. 2010). Under any of these tests, Plaintiff was never Defendant's employee.

First, because Defendant retained Plaintiff as an independent expert witness, there is no indication that Defendant would have had any influence over Plaintiff's ultimate conclusions. An expert witness is expected to provide an impartial opinion based on their training and experience. Defendant had little means to control Plaintiff. *See, Taylor v. Kohli*, 162 Ill. 2d 91, 96, 642 N.E.2d 467, 469 (Ill. 1994) ("Rather, an expert witness is more accurately described as an independent contractor."); *Sutherlin v. White*, 2006 WL 1737860, at *3 (Va. Cir. June 29, 2006) ("[M]erely retaining an individual to act as an expert witness is insufficient to create an employer-employee relationship."); *Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 424 (Fed. Cl. 1997) (stating that an expert witness is expected "to give his own honest, independent opinion"); *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) ("In theory, despite the fact that one party retained and paid for the services of an expert witness, expert witnesses are supposed to testify impartially in the sphere of their expertise."). And the February 16, 2007 e-mail from Defendant to Plaintiff confirms that Defendant was seeking an independent review of the facts "and your opinion about same." Doc. No. 37-2, Def.'s Ex. A.

Second, Plaintiff maintained a separate work location from Defendant and worked under a separate business name, All-Engineers, LLC, as evidenced by

his W-9, invoices, and curriculum vitae.  Third, when reviewing the email communications between Plaintiff and Defendant, there is no indication that Defendant had any intent to employ Plaintiff beyond the single, specific paintball case at hand or that Defendant would assign additional assignments outside of the case.  Lastly, Defendant provided no benefits to Plaintiff and was not in the business of employing expert witnesses beyond its specific trial needs.

In opposition, Plaintiff has not carried his burden to come forward with evidence creating a genuine issue of material fact.  Although Plaintiff's Declaration states that he is an "at-will employee," Doc. No. 41, Pl.'s Opp'n at 7, such conclusory statements without factual support are insufficient to defeat summary judgment.  *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1058 (9th Cir. 2009).  Plaintiff's Declaration also states assignments were "under [Defendant's] control as to when, where and how assignments were to be done."  Doc. No. 41, Pl.'s Decl. at 7.  Defendant's "control," however, was predicated on dates, locations, and orders set by the New York court.  Further, these assertions alone are not sufficient to overcome the other *Darden* factors -- specifically that Plaintiff was operating as an independent LLC -- that support the conclusion that Plaintiff was an independent contractor.  Therefore, there is no genuine issue of material

10

fact, and summary judgment is proper.[4]

## V.  CONCLUSION

Based on the above, the court GRANTS Defendant's Motion for Summary Judgment.  The Clerk of the Court is directed to enter judgment in favor of Defendant and close the file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 1, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ruel v. Braff Harris & Sukoneck*, Civ. No.10-00683 JMS/RLP, Order Granting Defendant's Motion for Summary Judgment.

---

[4]  In construing Plaintiff's Complaint liberally, he contends that as Defendant's employee, he is also covered under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112.  Doc. No. 41, Pl.'s Opp'n at 1.  Title I of the ADA defines "employee" the same way as Title VII -- "an individual employed by an employer."  42 U.S.C. § 12111.  Although the Ninth Circuit has not addressed the question of whether independent contractors are covered by Title I of the ADA or whether the same employee/independent contractor analysis applies to both Title VII and Title I of the ADA, the court agrees with numerous circuits holding that independent contractors are not covered by the ADA.  *See, e.g.*, *Aberman v. J. Abouchar & Sons, Inc.*, 160 F.3d 1148, 1150 (7th Cir. 1998); *Johnson v. City of Saline*, 151 F.3d 564, 567-69 (6th Cir. 1998); *Birchem v. Knights of Columbus*, 116 F.3d 310, 312-13 (8th Cir. 1997).  Plaintiff's Complaint, even if construed as asserting an ADA claim, fails for the same reason it fails under Title VII.

Further, if this court construes Plaintiff's arguments as raising a Rehabilitation Act of 1973 ("Rehabilitation Act") claim, which applies to independent contractors, Plaintiff's Complaint also fails.  Section 504 of the Rehabilitation Act creates a private right of action for individuals subjected to disability discrimination, including employment discrimination, by any program or activity receiving federal financial assistance.  *Fleming v. Yuma Reg'l Med. Ctr.*, 587 F.3d 938, 940 (9th Cir. 2009) (citing *Kling v. Los Angeles Cnty.*, 633 F.2d 876, 878 (9th Cir. 1980).  Plaintiff provides no evidence that Defendant, a private law firm, receives federal financial assistance.  Therefore, Defendant is not subject to the Rehabilitation Act.